## Neil McAuliffe v. William Farmer.

*Fraudulent sale: Third parties: Creditors.* One who has received goods of B, under a conditional arrangement to buy them of him, but who is not a creditor of A, or the representative of a creditor, is not in a situation to attack a prior sale of said goods by A to B, as fraudulent against A's creditors.

*Trover: Fraudulent sale: Garnishee proceedings: Res inter alios.* In an action of trover, brought by B against C, for the conversion of goods which B had bought of A, and then sold to C on condition that payment should be made on delivery, it is no defense that C has been garnished by A's creditors, whether the sale from A to B was voidable at the instance of A's creditors or not; B's title could not be divested or in any way affected by these garnishee proceedings to which he was not a party.

*Heard April 9.    Decided April 15.*

Error to Saginaw Circuit.

*Huckins & Sutherland,* for plaintiff in error.

*L. T. Durand,* for defendant in error.

GRAVES, J.

This was an action of trover, commenced by the defendant in error about the 17th of October, 1871, against the plaintiff in error, to recover damages for the alleged conversion of a quantity of household and other goods. On the 14th of November, 1872, the defendant in error obtained a verdict for two hundred and fourteen dollars and eighty-seven cents, on which judgment was entered on the 9th of December following.

That judgment, with a bill of exceptions, is now before us on writ of error. And the only objection to the proceedings is based on a single exception to so much of the charge to the jury as related to the nature and validity of the principal defense. A proper understanding of it requires a brief reference to the facts.

The evidence for the plaintiff below, William Farmer, tended to show that in August, 1871, the property alleged to have been converted was owned by one Mercer, but was in the actual possession of one Richard Farmer, who was

Mercer's son-in-law, and also his agent, authorized to make sale of the goods; that, under these circumstances, he (William Farmer) innocently, and in good faith, purchased the articles of Mercer through the agent (Richard Farmer), for three hundred dollars ; that he (William Farmer) thereafter bargained the goods to the plaintiff in error for two hundred dollars, but upon the condition that payment should be made on delivery, and that no title should pass before such payment; that the plaintiff in error got the goods, and failed to pay, and immediately sold a large portion and converted the same to his own use, and then refused to return the goods or pay any thing for them, and gave as an explanation, that he had sold most of the articles and had been garnished as a debtor of Richard Farmer.

The plaintiff in error then gave evidence tending to prove, that when the cause was commenced certain garnishee proceedings before a justice of the peace were pending against him in suits by Mosher and Mickley against Richard Farmer, who, they alleged, was indebted to them ; that the garnishee process was served on him (the plaintiff in error) after he received the delivery of the goods from William and Richard Farmer, and that on October 24th, 1871, judgments were rendered by the justice against Richard Farmer, the principal defendant, in those suits. No judgment had been rendered against the plaintiff as garnishee up to the time of the trial in the case at bar.

He also gave evidence tending to show that the goods were owned by Richard Farmer, and not by Mercer, at the time of the alleged sale to the defendant in error, and that the transfer by Richard to William was made with intent to defraud the creditors of Richard.

The circuit judge charged in substance that the plaintiff in error was not in a situation to attack the sale to William as fraudulent against Richard's creditors, and further that the pendency of the garnishee proceedings against the plaintiff in error in the suits against Richard Farmer could

not deprive William Farmer of his remedy against the plaintiff in error for the conversion of the goods, if William was the true owner.

It is of this instruction that the plaintiff in error complains, and we think it affords him no ground of objection. He received the goods under a conditional arrangement to buy them of the defendant in error, and did not obtain possession as the bailee or vendee of Richard Farmer. He was not a creditor of Richard Farmer, or in any situation to be regarded as the representative of a creditor. If the purchase by William was voidable at the instance of Richard's creditors because it was made with intent to defraud them, it was only assailable on that ground, by the creditors or the proper representatives of the creditors of Richard, and not by the plaintiff in error, who had obtained possession by the bargain with William, and who was neither a creditor nor in a position to represent a creditor.

If the garnishee proceedings brought by Richard's creditors had not been instituted, there would have been no shadow of pretence for the position taken by the plaintiff in error, and we do not see how the pendency of these proceedings placed him in any better situation in this respect than he would have held if they had never been taken. William was in no way a party to the suits before the justice, or any branch of them, and his rights were not subject to be litigated in them. His title was not open to contest in a proceeding behind his back, and to which he was in no way or in any sense a party.

As the matter excluded by the charge was not such as to be available to the defense, the direction was proper.

No error being shown, the judgment should be affirmed, with costs.

The other Justices concurred.